STATE of Indiana, Appellant–Plaintiff,

v.

Elvin M. LLOYD, Appellee–Defendant.

No. 66A03–0307–CR–272.

Court of Appeals of Indiana.

Dec. 15, 2003.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

**OPINION**

BAKER, Judge.

The State of Indiana appeals a reserved question of law pursuant to Indiana Code section 35–38–4–2(4) regarding the trial court's ruling on the State's motion to admit into evidence the testifying Deputy's certification as a breath test operator from the Indiana Department of Toxicology. Specifically, the State argues that the trial court abused its discretion by denying the admission of the Deputy's certification in its case-in-chief against Elvin Lloyd, the appellee-defendant who was on trial for drunk driving. Finding that the trial court abused its discretion in refusing to admit the certification and breath tests, we hold that the trial court's decision to exclude this evidence was error.

*FACTS*

On May 4, 2002, Pulaski County Deputy Sheriff Robert Taylor observed Lloyd cross the center line as Deputy Taylor was driving toward him on U.S. Highway 35. Deputy Taylor was forced to swerve to avoid contact. Deputy Taylor stopped Lloyd's vehicle, and Lloyd nodded when Deputy Taylor asked if he knew why he was pulled over. Deputy Taylor noted a strong odor of alcohol and asked for

Lloyd's driver's license. Lloyd fumbled with his wallet, and Deputy Taylor described his dexterity as very poor. Deputy Taylor asked Lloyd to exit the vehicle, and he administered three field sobriety tests, which Lloyd "failed ... quite poorly." Tr. p. 81. Lloyd also took a portable breath test, which he failed. Lloyd was then transported to jail where he received another breath test. While the first test failed to register, a subsequent test documented Lloyd's blood alcohol level as .18 gram per 210 liters of breath.

The State charged Lloyd with Operating a Vehicle While Intoxicated Endangering a Person,[1] a Class A misdemeanor, and Operating a Vehicle With a Blood Alcohol Content of .15 gram of alcohol per 210 liters of breath or more,[2] a Class A misdemeanor. At a bench trial, the State sought to enter Deputy Taylor's certification to perform breath tests from the Indiana Department of Toxicology into evidence, and Lloyd challenged the foundation of the Deputy's certification. Upon further questioning, Deputy Taylor testified that he was trained in all the required subjects, and that he had received twelve initial hours of training and four more hours for recertification. Relying on a section of the administrative code published in *Wray v. State*, 751 N.E.2d 679 (Ind.Ct.App.2001), the trial court noted that certification "requires a minimum of twenty (20) hours. Maximum we have here is sixteen (16)." Tr. p. 46–47. The trial court denied admission of the Deputy's certification as inadmissible hearsay and also denied admission of Lloyd's breath test results because the State failed to establish that the tests were performed by a certified test operator. The trial court found Lloyd not guilty of operating a vehicle while intoxicated and operating a vehicle with a blood alcohol of .15% or more, and the State now appeals the trial court's decision to exclude this evidence as a reserved question of law.

## DISCUSSION AND DECISION

When the defendant has been acquitted and the State appeals a reserved question of law, only questions of law are considered by this court. *State v. Shelton*, 692 N.E.2d 947, 949 (Ind.Ct.App.1998). Although the issue addressed is moot, the purpose of this appeal is to provide guidance to the trial courts in future cases. *Id.*

In resolving this issue, we note that a trial court has broad discretion in ruling on the admissibility of evidence, and we will only disturb a trial court's ruling upon a showing of an abuse of discretion. *Dawson v. State*, 786 N.E.2d 742, 745 (Ind. Ct.App.2003). The decision to admit or exclude evidence will not be reversed absent a showing of manifest abuse of discretion resulting in the denial of a fair trial. *Id.* An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.* In reviewing the admissibility of evidence, we consider only the evidence in favor of the trial court's ruling and any unrefuted evidence in the appellant's favor. *Id.*

Here, the trial court found that the documentation of Deputy Taylor's certification was inadmissible under the hearsay rule. Hearsay is generally inadmissible under Indiana Rule of Evidence 802 and is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). However, one of the many exceptions to this rule is for public records and reports. Evid. R. 803(8). The admission of documentary evidence at trial requires the proponent to

---

1. Ind.Code § 9–30–5–2(a).

2. I.C. § 9–30–5–1(b).

show that the evidence has been authenticated, which means that the evidence "is what its proponent claims." *Craig v. State*, 730 N.E.2d 1262, 1266 (Ind.2000) (citing Ind. Evidence Rule 901(a)). Where the document at issue is a domestic public record, certified in accordance with Trial Rule 44(A)(1), the document is self-authenticating and no extrinsic evidence is necessary for its admission. *Id.* (citing Ind. Evidence Rule 902(1)). Additionally, certifications issued to persons to conduct breath tests are specifically admissible by statute so long as the "certified" breath test operator was in fact trained in accordance with the Department of Toxicology's regulations regarding training. Ind.Code § 9–30–6–5(c)(1); *Wray v. State*, 751 N.E.2d 679, 683 (Ind.Ct.App.2001).

■ The record shows that Deputy Taylor's certification was on Indiana University School of Medicine, Department of Toxicology stationery, and was signed by James E. Klaunig, Ph.D., Professor and Director of Toxicology and Director of the State Department of Toxicology. State's Ex. B. Furthermore, it was certified by the Clerk of Courts of Pulaski County. Accordingly, the certification was a self-authenticating document so long as Deputy Taylor was properly trained under the Department of Toxicology's regulations. *See* Ind.Code § 9–30–6–5(c)(1); Evid. R. 902(1). This alone does not resolve the issue inasmuch as self-authentication under Indiana Rule of Evidence 902 does not provide an exception to the hearsay rule. Although the certification was hearsay, it falls under the public records exception of Indiana Rule of Evidence 803(8) and was, therefore, admissible into evidence provided Deputy Taylor was properly trained.

This court has recognized that for results of a breath test to be admissible, three foundational requirements are necessary: (1) the operator who administered the test must be certified by the Indiana University School of Medicine Department of Pharmacology and Toxicology (Department of Toxicology); (2) the equipment used in the test must have been inspected and approved by the Department of Toxicology; and (3) the operator must have followed the procedures approved by the Department of Toxicology. *Nasser v. State*, 646 N.E.2d 673, 675 (Ind.Ct.App. 1995). The Department of Toxicology has set out in section 1.1–1–2 of title 260 of the Indiana Administrative Code that before an operator will be certified, he "must attend a course in the theory and operation of test devices approved by the director of the state department of toxicology." Ind. Admin. Code title 260, r. 1.1–1–2(a) (2001). "Such a course shall include a minimum of twelve (12) hours of instruction." 260 IAC 1.1–1–2(b). Furthermore, this court stated in *Wray* that "in promulgating Section 1.1–1–2 of Title 260 of the Indiana Administrative Code, the department set forth the training that it believes breath test operators should receive before they can be considered certified and, therefore, before the results of tests that they administer may be admitted into evidence in a criminal drunk driving proceeding." *Wray*, 751 N.E.2d at 683. Second-guessing the Department of Toxicology's requirements for training would require a court to delve into "impermissible judicial rule promulgation." *Id.*

It is undisputed that Deputy Taylor's certification issued from the Department of Toxicology and that the equipment used was inspected and approved by the Department of Toxicology. State's Ex. A, B. The only question before us is whether Deputy Taylor followed the procedures approved by the Department of Toxicology in receiving his certification. Deputy Taylor testified that he had attended twelve hours of training to obtain his original certification and that he had received an additional four hours of recertification training. Tr. p. 46. The administrative rule cited in

*Wray* on which the trial court relied stated that twenty hours were required for certification. *Wray,* 751 N.E.2d at 682. However, that rule was amended on April 24, 2000, to require only twelve hours of certification training. 260 IAC 1.1–1–2. The undisputed evidence, therefore, clearly shows that Deputy Taylor, who had sixteen hours of training, was properly trained. Thus, his certification was admissible as a matter of law under Indiana Code section 9–30–6–5(c)(1), and it was error for the trial court to exclude such evidence. Additionally, the breath tests administered to Lloyd were admissible because Deputy Taylor was properly trained, and it was error to have excluded this evidence.[3]

Reversed.

NAJAM, J., and MAY, J., concur.

---

**3.** Although the exclusion of this evidence was error, we may not remand this case to the trial court for a new trial. Because Lloyd was acquitted, Fifth Amendment double jeop- ardy principles bar a second trial. *See State v. Berryman,* 796 N.E.2d 741, 746 (Ind.Ct. App.2003).