**STATE of Indiana, Appellant–Plaintiff,**

v.

**Jason A. O'GRADY, Appellee–
Defendant.**

No. 02A04–0707–CR–380.

Court of Appeals of Indiana.

Nov. 16, 2007.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy At-torney General, Indianapolis, IN, Attorneys for Appellant.

Robert H. Bellinger, II, Deputy Public Defender, Fort Wayne, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The State appeals a reserved question of law, pursuant to Indiana Code Section 35–38–4–2(4). Specifically, the State challenges the trial court's ruling on the State's request to amend the charging information to a lesser-included offense in response to the defendant's motion for directed verdict. The State raises a single issue for our review, namely, whether the trial court erred in denying that request.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On January 18, 2007, the State charged Jason O'Grady with Battery, as a Class A misdemeanor. That charge alleged, in pertinent part, that "[o]n or about the 12th day of January, 2007, ... O'Grady[ ] did knowingly or intentionally touch Stephanie Storm in a rude, insolent, or angry manner, resulting in bodily injury, to wit: physical pain and/or visible injury." Appellant's App. at 8. At the ensuing trial, Storm testified that she and O'Grady had engaged in an argument at her home. Storm stated that O'Grady had been drinking and, at one point, he "punched a hole in the wall." Transcript at 73. Storm then testified that, shortly thereafter, O'Grady grabbed her by the back of her hair "to stop [her from leaving]." *Id.* at 74. However, Storm stated that no physical pain resulted from that contact.

At the conclusion of the State's case-in-chief, O'Grady moved for a directed verdict based solely on the State's lack of evidence of physical pain. In response, the State moved "to conform the charge to the evidence" by amending the information to the lesser-included offense of Class B misdemeanor battery. *Id.* at 114. The court simultaneously denied the State's motion to amend and granted O'Grady's request for a directed verdict. In doing so, the court noted that the State's argument "that that amendment is one of form[,] not substance, cannot stand as a sound argument because the only reason [the State was] making [its] motion was in response to" O'Grady's motion. *Id.* at 123. The court therefore concluded that the State's proposed amendment impacted O'Grady's substantial rights and was impermissible. This appeal ensued.

## DISCUSSION AND DECISION

 Initially, we note that an acquittal is not reviewable on appeal under principles of double jeopardy, even if the acquittal was erroneously entered by the trial court. *See, e.g., State v. Casada,* 825 N.E.2d 936, 940 (Ind.Ct.App.2005). However, in Indiana the State is permitted by statute to appeal a reserved question of law following a defendant's acquittal. *See* Ind.Code § 35–38–4–2(4) (2006). Although the issues in such cases are necessarily moot, the purpose of the appeal is to provide guidance for lower courts in similar future cases. *See State v. Lloyd,* 800 N.E.2d 196, 200 n. 3 (Ind.Ct.App.2003); *State v. Gradison,* 758 N.E.2d 1008, 1010 (Ind.Ct.App.2001) (citing *State v. Good-*

*rich,* 504 N.E.2d 1023, 1024 (Ind.1987)). When presented with such appeals, we will address only questions of law. *Lloyd,* 800 N.E.2d at 198.

The State contends that the trial court erred in not granting the State's motion to amend the charging information from Class A misdemeanor battery to Class B misdemeanor battery. Amendments to a charging information are governed by Indiana Code Section 35–34–1–5,[1] which provides in relevant part:

(a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:

\* \* \*

(9) any other defect which does not prejudice the substantial rights of the defendant.

(b) The indictment or information may be amended in matters of substance or form, and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant, at any time up to:

(1) thirty (30) days if the defendant is charged with a felony; or

(2) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date. . . .

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an

---

1. The General Assembly amended Indiana Code Section 35–34–1–5 effective May 8, 2007. *See* P.L. 178–2007, § 1 (Senate Enrolled Act No. 45). That amendment eliminates references to matters of form in subsection (b), in response to an inconsistency noted by our Supreme Court. *See Fajardo v. State,*

859 N.E.2d 1201, 1205 (Ind.2007). However, because the alleged offense here occurred before the legislature amended the statute, our review is based on the old statute. We note, however, that we would reach an identical holding under the amended statute.

amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

Our Supreme Court recently discussed the amendment of charging instruments in *Fajardo v. State*, 859 N.E.2d 1201 (Ind. 2007). After reviewing the statute and its history, the *Fajardo* court held:

[T]he first step in evaluating the permissibility of amending an indictment or information is to determine whether the amendment is addressed to a matter of substance or one of form or immaterial defect. As noted above, an amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form. And an amendment is one of substance *only* if it is essential to making a valid charge of the crime.

859 N.E.2d at 1207 (emphasis added). After determining the type of amendment sought, the court must apply the appropriate subsection of the statute: subsection (a) for immaterial defects, subsection (b) for matters of substance, and subsection (c) for matters of form. *See Baber v. State*, 870 N.E.2d 486, 491–92 (Ind.Ct.App.2007), *trans. pending*. A trial court does not err in permitting an amendment when that amendment neither satisfies the prerequisite definition for an amendment of substance nor prejudices the defendant's substantial rights. *See McIntyre v. State*, 717 N.E.2d 114, 125–26 (Ind.1999) (*quoted in Fajardo*, 859 N.E.2d at 1205); *see also* I.C. § 35–34–1–5.

Here, the State asserts that the submitted amendment is permissible because it is neither a matter of substance nor prejudicial to the defendant's substantial rights.

O'Grady responds that the amendment is one of substance because "it changed the identity of the offense charged and affected the Defendant's theory and strategy of defense." Appellee's Brief at 4. Similarly, O'Grady maintains that allowing the proposed amendment would prejudice his substantial rights. We must agree with the State.

■ O'Grady first argues that it is within the trial court's discretion to grant or deny a motion to amend a charging information. But O'Grady ignores that, in considering such a request, a trial court must first determine the type of amendment sought under the statute. *See Fajardo*, 859 N.E.2d at 1207. Whether a proposed amendment to an information is an amendment to a matter of substance or instead is immaterial or only a matter of form is a question of law. We review questions of law de novo. *See, e.g., Griffith v. State*, 788 N.E.2d 835, 839 (Ind.2003). Here, the State argues that the trial court erroneously found the requested amendment to be a matter of substance, and therefore we review the court's determination *de novo*.

We also note that our Supreme Court has implied that amending a charge from a greater to a lesser-included offense is an amendment in form only. Specifically, in *Miller v. State*, 753 N.E.2d 1284, 1288 (Ind.2001), the court commented as follows:

Occasionally, a prosecutor will seek permission to conform charges to the evidence presented during trial such that a jury is given the opportunity to convict on a lesser-included offense as opposed to those originally charged. *See* Ind. Code § 35–34–1–5(c) (allowing amendments that do not prejudice the substantial rights of the defendant).

However, because that statement was made in dicta,[2] we undertake our own review here.

■ The State's original charge against O'Grady tracked the statutory language for battery, as a Class A misdemeanor. The Indiana Code, in relevant part, states that: "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is[ ] a Class A misdemeanor if[ ] it results in bodily injury to any other person[.]" I.C. § 35–42–2–1(a). That is, battery rises to a Class A misdemeanor if all the elements of battery as a Class B misdemeanor are present and, in addition, the battery results in bodily injury to the person touched. *See Tucker v. State*, 725 N.E.2d 894, 897 (Ind.Ct.App. 2000), *trans. denied*. "Because battery as a[C]lass B misdemeanor may be established by proof of less than all the material elements defining the crime [as a Class A misdemeanor], it is an inherently included offense of battery as a [C]lass A misdemeanor." *Id.*

The State's proposed amendment to the information is not a matter of substance. The amendment simply deletes the reference to bodily injury resulting from the alleged battery, which requires the State to change the class of the alleged offense from a Class A misdemeanor to the lesser-included Class B misdemeanor. *See* I.C. § 35–42–2–1(a). As such, the original information already encompasses charges of both Class A and Class B misdemeanor battery. *See, e.g., Lahrman v. State*, 465 N.E.2d 1162, 1168 (Ind.Ct.App.1984), *trans. denied*. The proposed amendment therefore is not essential to making a valid Class B misdemeanor battery charge, as required for an amendment to a matter of substance. *See Fajardo*, 859 N.E.2d at 1207.

■ Nor is the amendment prejudicial to O'Grady's substantial rights. The substantial rights referred to in Indiana Code Section 35–34–1–5 "include a right to sufficient notice and an opportunity to be heard regarding the charge." *Jones v. State*, 863 N.E.2d 333, 338 (Ind.Ct.App.2007). O'Grady's defense, on directed verdict, to the Class A misdemeanor charge consisted exclusively of challenging the lack of evidence on the issue of bodily injury. O'Grady thus argues on appeal that his defense under the original information would not be equally available after the amendment and, therefore, the amendment prejudices his substantial rights.

We cannot agree that the loss of O'Grady's defense to the Class A misdemeanor battery results in prejudice to his substantial rights. There is no dispute that O'Grady has been given sufficient notice of the inherently-included lesser charge and that he has had an opportunity to be heard regarding that charge. And the amendment from a greater charge to an inherently-included lesser charge does not result in a change in the identity of the offense charged. Further, insofar as O'Grady's defense strategy is negated by the amendment, that result arises only because O'Grady chose not to challenge any of the elements of Class B misdemeanor battery, not because he was denied notice or an opportunity to raise those defenses.

**2.** The *Miller* court held that the defendant waived his appeal by not submitting a complete record of the issues for which he claimed error. *Miller*, 753 N.E.2d at 1287. Nonetheless, the court went on to discuss a number of possible scenarios under which the defendant's appeal would fail, notwithstanding the waiver. The comment quoted above was made in that alternative discussion.

Finally, we disagree with the trial court's and O'Grady's assertions that the amendment affects O'Grady's substantial rights merely because the State "ma[de][its] motion . . . in response to" the request for directed verdict. *See* Transcript at 123. It is irrelevant why the State requested the amendment proposed here. Indeed, had the trial court denied O'Grady's motion for a directed verdict, the State still could have sought to amend the information to the lesser-included offense. *See Miller,* 753 N.E.2d at 1288. Alternatively, had O'Grady not been granted the directed verdict, it would have been O'Grady's right to request a jury instruction on the inherently-included lesser charge. *See, e.g., Brown v. State,* 703 N.E.2d 1010, 1019 (Ind.1998) (" 'if . . . a jury could conclude that the lesser included offense was committed but not the greater, then it is reversible error for a trial court to not give an instruction, when requested, on the inherently or factually included lesser offense.' ") (quoting *Wright v. State,* 658 N.E.2d 563, 567 (Ind.1995)).[3]

The trial court erred in determining that the State's proposed amendment to the information was an amendment to a matter of substance. The amendment neither satisfies the prerequisite definition of a matter of substance nor is it prejudicial to O'Grady's substantial rights. *See McIntyre,* 717 N.E.2d at 125–26. Accordingly, we reverse the court's ruling. Nonetheless, while we hold that the trial court erred, we may not remand for a retrial in that doing so would violate O'Grady's rights under the Double Jeopardy Clause. *See Gradison,* 758 N.E.2d at 1013–14.

Reversed.

MATHIAS, J., and BRADFORD, J., concur.

---

3. O'Grady's position on appeal that there exists a "serious evidentiary dispute" on the issue of bodily injury, and therefore there was no error by the trial court, misapplies our Supreme Court's analysis in *Wright.* Notwithstanding that that analysis applies to the giving of jury instructions and not to the amending of charging informations, in *Brown* the court clarified that "[whether there is a 'serious evidentiary dispute'] is shorthand for *Wright's* full holding" that, if, on the evidence presented, a jury can convict on the lesser but not the greater charge, then an instruction on the lesser charge is mandated upon request. *Brown,* 703 N.E.2d at 1019 (quoting *Wright,* 658 N.E.2d at 567). Here, it is not disputed that a jury could have convicted O'Grady on the Class B misdemeanor battery charge but not on the Class A misdemeanor charge.