ATTORNEYS FOR APPELLANT
Steve Carter
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Lawrence M. Hansen
Hansen Law Firm, LLC
Fishers, Indiana



_____

In the

Indiana Supreme Court

_____

No. 29S02-0710-CR-389

STATE OF INDIANA,                    *Appellant (Plaintiff below),*

v.

KARL D. JACKSON,                     *Appellee (Defendant below).*

_____

Appeal from the Hamilton Superior Court, No. 29D04-0501-FD-434
The Honorable J. Richard Campbell, Judge

_____

On Transfer from the Indiana Court of Appeals, No. 29A02-0610-CR-867

_____

**May 13, 2008**

**Dickson, Justice.**

Investigating a vehicle stopped in the middle of an intersection, Carmel Police officer Matthew Molter asked the driver, defendant Karl Jackson, for his driver's license and vehicle registration. The defendant responded that his license was suspended.[1] Charged with Operating a Vehicle After Being Adjudged a Habitual Traffic Violator, a class D felony, the defendant was acquitted in a bench trial, the judge concluding (a) that to convict, the State must prove that the

_____

[1] The Bureau of Motor Vehicle driving records for the defendant indicate that as of January 28, 2005, the date of the traffic stop in this case, the defendant's only suspension of driving privileges then in effect was his ten-year suspension as a Habitual Traffic Violator (from May 19, 2003 through May 18, 2013). State's Exhibit 2.

defendant operated a vehicle with knowledge specifically that his license was suspended because he had been determined to be a habitual traffic violator; and (b) that the defendant's change of residence from the address to which his suspension notice had been sent rebutted the presumption of such knowledge. R. at 39. Notwithstanding statutory limitations on the State's capacity to appeal following an acquittal,[2] the State appealed. The Court of Appeals affirmed the trial court. State v. Jackson, 864 N.E.2d 431 (Ind. Ct. App. 2007). We granted the State's petition for transfer and now hold that, to convict for the offense of Operating a Vehicle After Being Adjudged a Habitual Traffic Violator, the State must prove that the suspended driver operated a vehicle while knowing that his license was suspended, but need not prove that the person knew that his license was suspended *because* of a habitual traffic violator determination.

This case centers on Indiana Code § 9-30-10-16 (2004), which defines two criminal offenses. Chapter 10 generally addresses the subject of habitual traffic violators. Subsection 16(a)(1) defines driving while suspended as a Habitual Traffic Violator (HTV), and subsection 16(a)(2) defines violating restrictions imposed under the HTV laws.[3] The defendant was charged only with violating subsection (a)(1). Appellant's App'x at 4. The statute provides:

> (a) A person who operates a motor vehicle:
>   (1) while the person's driving privileges are validly suspended under this chapter or IC 9-12-2 (repealed July 1, 1991) *and the person knows that the person's driving privileges are suspended*; or
>   (2) in violation of restrictions imposed under this chapter or IC 9-12-2 (repealed July 1, 1991) and who knows of the existence of the restrictions;
> commits a Class D felony.
>
> (b) Service by the bureau of notice of the suspension or restriction of a person's driving privileges under subsection (a)(1) or (a)(2):
>   (1) in compliance with section 5 of this chapter; and
>   (2) by first class mail to the person at the last address shown for the person in the bureau's records;

---

[2] Indiana Code § 35-38-4-2(4) permits the State to appeal a question of law after a criminal defendant is acquitted. Even if the State is successful, however, the once-acquitted defendant may not be retried. State v. Casada, 825 N.E.2d 936, 940 (Ind. Ct. App. 2005); State v. O'Grady, 876 N.E.2d 763, 765 (Ind. Ct. App. 2007). "Although the issues in such cases are necessarily moot, the purpose of the appeal is to provide guidance for lower courts in similar future cases." *Id.*

[3] The second offense, violating HTV restrictions, generally applies to proscribed conduct other than driving while suspended as an HTV, *e.g.*, violating conditions of a restricted license issued under Ind. Code § 9-30-10-15(d).

establishes a rebuttable presumption that the person knows that the person's driving privileges are suspended or restricted.

(c) In addition to any criminal penalty, a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life. However, if judgment for conviction of a Class A misdemeanor is entered for an offense under subsection (a), the court may order a period of suspension of the convicted person's driving privileges that is in addition to any suspension of driving privileges already imposed upon the person.

Ind. Code § 9-30-10-16 (2004) (emphasis added).

The State argues on appeal that the trial court erred as a matter of law when it found the defendant's failure to advise the Bureau of Motor Vehicles of his current address "sufficient to rebut the presumption that he knew of his HTV suspension." Appellant's Br. at 4. The State urges that the trial court's ruling "effectively negates" the requirement of Indiana Code § 9-24-13-4 that a driver must immediately notify the Bureau of an address change. *Id.* at 3. Asserting that the central issue at trial was whether the defendant "knew that his driving privileges were suspended," *id*. at 4, the State contends that such knowledge was proven at trial in two ways: first, by the defendant's admission to the officer that he knew his license was suspended, and second, by proof that the Bureau had sent its notice of HTV determination to the last address furnished to the Bureau by the defendant.

The defendant responds that the trial court correctly required the State to prove that the defendant knew his driving privileges were suspended because of his HTV status, and that it properly found that the defendant rebutted the statutory presumption of such knowledge by showing that he was no longer living at the address to which the Bureau sent the notice of HTV determination.

A former version of the HTV statute defined the offense without any explicit *mens rea*. It read: "A person who operates a motor vehicle: (1) while the person's driving privileges are suspended under this chapter . . . . commits a Class D felony." I.C. § 9-30-10-16 (1991). In Stewart v. State, 721 N.E.2d 876 (Ind. 1999), we judicially supplied the absent *mens rea* and held that "[t]o obtain convictions for driving while suspended . . . the State need prove what the

3

statutes explicitly provide, (1) the act of driving, and (2) a license suspension or an HTV adjudication, *plus* the mens rea we have inferred: (3) that the defendant 'knew or should have known.'" *Id.* at 879. Finding the record to show clearly that the Bureau had mailed a notice to Stewart at his address last known to the Bureau, we found him to have constructive knowledge sufficient to sustain his conviction for driving while suspended as an HTV, a class D felony. *Id.* at 880.

Following <u>Stewart</u>, the Indiana General Assembly amended the statute to add an additional element to the "driving while suspended as an HTV" offense defined in subsection (1): "and the person knows that the person's driving privileges are suspended." I.C. § 9-30-10-16(a)(1). The legislature thereby supplied the *mens rea* that <u>Stewart</u> had found lacking in the predecessor statute. The plain language of this element requires knowledge only that the driving privileges are suspended, and not that they are suspended because of an HTV determination.[4]

Among other changes made to the statute, the legislature added the element "and knows of the existence of the restrictions" only to the "violation of restrictions" offense defined in subsection (2). Significantly, the legislature did not use this language for the *mens rea* element for subsection (1) defining "driving while suspended as an HTV."

Another amendment to the statute created a "rebuttable presumption that the person knows that the person's driving privileges are suspended or restricted" upon proof that the Bureau sent a proper notice of suspension or restriction of driving privileges to the person's last address in the Bureau's records. I.C. § 9-30-10-16(b). As written, this rebuttable presumption may apply to either of the two offenses defined in subsections (1) and (2). Thus, for either offense, in the absence of direct proof of a driver's lack of knowledge, the statute directs that the State may presumptively satisfy the knowledge element by establishing proper notice to a driver's last address in the Bureau's records, subject to rebuttal by the accused driver. But the State is not required to establish this statutory rebuttable presumption where there is independent proof that a person was operating a vehicle with actual knowledge of suspension of driving privileges.

---

[4] This conclusion does not conflict with <u>State v. Hammond</u>, 761 N.E.2d 812 (Ind. 2002), in which we stated that our holding in <u>Stewart</u> was not changed by the legislature's insertion of the word "validly" in the statute. <u>Hammond</u> did not address the effect of the amended statute's explicit knowledge requirement as obviating the *mens rea* element judicially engrafted in <u>Stewart</u>.

The present case does not require application of the rebuttable presumption provision. We do not address the trial court's determination that the defendant's evidence was sufficient to rebut the presumption, because the presumption was irrelevant in the face of direct proof of actual knowledge.[5] The defendant's statement to police that his license was suspended provided direct proof of the knowledge element for the offense of driving while suspended as an HTV in violation in Ind. Code § 9-30-10-16(a)(1). Resort to the rebuttable presumption provision was thus unnecessary to establish the statutory violation. The defendant's admitted actual knowledge of his suspension was not a presumption subject to rebuttal.

We hold that a conviction for Operating a Vehicle After Being Adjudged a Habitual Traffic Violator, a class D felony, in violation of Ind. Code § 9-30-10-16(a)(1), does not require proof that the person operated a vehicle with knowledge that the person's driving privileges were suspended *because* of a habitual traffic violator determination; rather, such a conviction requires only proof that the person operated a vehicle with knowledge that the person's driving privileges were suspended, regardless of the reason. Because of the limited remedy available to the State upon its appeal following an acquittal, however, the trial court's judgment of acquittal remains unaffected. I.C. § 35-38-4-2(4); Casada, 825 N.E.2d at 940; O'Grady, 876 N.E.2d at 765.

Shepard, C.J., and Boehm, J., concur. Rucker, J., dissents with separate opinion in which Sullivan, J., concurs.

---

[5] We thus do not address the statute's "rebuttable presumption" language, including whether it creates a mandatory or permissive presumption, or whether it operates to establish constructive knowledge to satisfy the *mens rea* requirement, matters argued in the defendant's brief. Because these issues are not germane to our determination here, we leave them for a future, more appropriate case or legislative clarification.

**RUCKER, J., dissenting.**

In a well-reasoned opinion the Court of Appeals analyzed the Habitual Traffic Violator statute both before and after the 2004 amendments as well as pertinent case authority interpreting the statute. Affirming the trial court's judgment the Court of Appeals concluded, "[t]hese considerations, along with the requirement that we construe penal statutes strictly against the State and resolve ambiguities in favor of the accused, lead us to hold that the [HTV] statute requires that the State prove the defendant knew his or her license was suspended because of that person's status as an HTV." State v. Jackson 864 N.E.2d. 431, 436 (Ind. Ct. App. 2007). In my view the Court of Appeals got it right.

There are of course consequences for driving a vehicle knowing that one's license is suspended, namely the risk of possible arrest and conviction for a Class A misdemeanor. One could envision a person taking that risk, for whatever reason. However a driver faced with the potential of a Class D felony might very well have second thoughts. In my view it is not enough to say that person must simply know his or her driver's license is suspended. It seems to me the structure of the statute is such that a driver must be put on notice of the greater risk of becoming a convicted felon. I therefore respectfully dissent and would affirm the judgment of the trial court.

Sullivan, J., concurs.