**Eberaia D. FIELDS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A05–0712–CR–680.**

Court of Appeals of Indiana.

June 13, 2008.

Steven Knecht, Vonderheide & Knecht, P.C., Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Eberaia D. Fields appeals his conviction of operating while intoxicated with a prior conviction of operating while intoxicated, a Class D felony.[1] He also challenges his habitual substance offender enhancement and his aggregate sentence. We affirm in part and reverse in part.

1. Ind.Code § 9–30–5–3.

## FACTS AND PROCEDURAL HISTORY

On March 4, 2005, Officers Sean Leshney and Joseph Clyde saw a gray Pontiac in a parking lot. Based on an earlier report, they believed the car or the license plate might have been stolen. The officers checked the Pontiac's license plate and learned it was registered to Fields and his driving privileges were suspended. The officers continued on patrol.

Later, the officers saw someone driving the Pontiac. Suspecting Fields might be driving, they followed the Pontiac until it stopped at a traffic light. The Pontiac was in a left-turn-only lane, but when the light turned green, the Pontiac went straight.

The officers activated their car's emergency lights. When the officers approached, Fields said his name was Charles Fields and the car was registered to his nephew, Eberaia Fields. Officer Clyde knew Fields and confronted him about his false statement. Fields then admitted he was Eberaia Fields.

The officers asked Fields to exit the Pontiac. Fields pulled himself from the car and was unsteady on his feet. The officers smelled alcohol on Fields' breath. Fields told the officers he had drunk a couple of beers. His eyes were bloodshot and watery, he had a "dazed look," (Tr. at 128), and his speech was slurred. He failed three field sobriety tests.

Officer Leshney asked Fields if he would consent to a chemical test. Fields initially agreed. Officer Leshney placed Fields in handcuffs in preparation to transport him to the police station, where the test would be administered. At that point, Fields became belligerent and began shouting profanities and insults. Fields was placed in the patrol car, and the officers asked him for his keys so they could

impound his car. Fields refused to hand over his keys and began kicking the partition between the front and back seats of the patrol car. The officers therefore felt it was necessary to put him in shackles. Fields resisted, and it took three or four officers to remove him from the car, put him in shackles, and return him to the car.

The officers transported Fields to the jail, but he would not take a breath test. Therefore, the officers had to take him to the hospital to get medical clearance before he could be booked. Fields continued to resist and shout profanities until he was released to the custody of the jail.

Fields was charged with operating while intoxicated, a Class A misdemeanor;[2] operating while intoxicated with a prior conviction of operating while intoxicated, a Class D felony; operating while suspended, a Class A misdemeanor;[3] resisting law enforcement, a Class A misdemeanor;[4] false informing, a Class B misdemeanor;[5] provocation, a Class C infraction;[6] improper lane usage, an infraction;[7] and being an habitual substance offender.[8] Fields admitted to operating while suspended and was found guilty of the remaining charges. The trial court entered judgment of conviction on all counts except operating while intoxicated as a Class A misdemeanor and imposed an aggregate sentence of ten years.

## DISCUSSION AND DECISION

1. *Sufficiency of the Evidence*

■ In reviewing the sufficiency of the evidence, we do not reweigh the evidence or assess the credibility of the witnesses. *Love v. State,* 761 N.E.2d 806, 810 (Ind. 2002). We consider the evidence most favorable to the verdict and the reasonable inferences drawn therefrom. *Id.* We will affirm if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

■ Fields argues there was insufficient evidence he was intoxicated. "Intoxicated" means being under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." Ind.Code § 9–13–2–86. The State is required to establish the defendant was impaired, regardless of his blood alcohol content. *Miller v. State,* 641 N.E.2d 64, 69 (Ind.Ct.App.1994), *trans. denied.*

> Evidence of the following can establish impairment: (1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; (7) slurred speech.

*Ballinger v. State,* 717 N.E.2d 939, 943 (Ind.Ct.App.1999).

The officers testified Fields pulled himself from his car and was unsteady on his feet. He smelled of alcohol and his speech was slurred. His eyes were red and watery, and he had a "dazed look." (Tr. at 128.) He failed three field sobriety tests.[9]

2. Ind.Code § 9–30–5–2(b).

3. Ind.Code § 9–24–19–2.

4. Ind.Code § 35–44–3–3(a).

5. Ind.Code § 35–44–2–2(d)(1).

6. Ind.Code § 35–42–2–3.

7. The record does not reflect which statute the State relied on when charging this infraction.

8. Ind.Code § 35–50–2–10.

9. In fact, Fields failed miserably. Officer Leshney administered the horizontal gaze nystagmus test, which tests whether the eyes

Fields testified he had only one beer, but he told the officers he had "a couple" beers. (*Id.* at 29.) Fields' blood alcohol level was unknown because he refused to submit to chemical tests, but his appearance and behavior were sufficient to demonstrate he was intoxicated.

Nor was the trier of fact required to accept Fields' explanation for his erratic driving. Fields claims he went straight from the left-turn lane because he thought the police were on an emergency call, and he was attempting to get out of their way. However, the officers testified they did not turn on their emergency lights until they saw Fields commit the traffic violation. They testified Fields would have caused an accident if someone had been in the lane next to him. The foregoing facts were sufficient to prove Fields was intoxicated and impaired in his ability to operate a vehicle safely. *See Ballinger,* 717 N.E.2d at 943 (evidence of intoxication was "overwhelming" where Ballinger smelled of alcohol, his balance was "a little unstable," his eyes were red and glassy, his speech was slurred, and he failed field sobriety tests).

### 2. *Amendment of Habitual Substance Offender Charge*

The State charged Fields with being an habitual substance offender, alleging he had the following two substance offense convictions:

> On or about May 23, 1995, in the Superior Court, Grant County State of Indiana, EBERAIA D. FIELDS was convicted of a substance offense, to wit:

Operating While Intoxicated, committed on or about December 3, 1994.

> On or about January 29, 2003, in Superior Court, Grant Count[y], State of Indiana, EBERAIA D. FIELDS was convicted of a substance offense, to wit: Operating While Intoxicated, committed on or about November 25, 2000.

(Appellant's App. at 18) (emphasis removed).

On July 11, 2007, after the omnibus date and two days before trial, the State moved to amend the habitual substance offender charge. The State had discovered the 1995 conviction was a Class C misdemeanor, which is not a predicate offense for an habitual substance offender enhancement. *See* Ind.Code § 35–50–2–10(a)(2) (the offenses must be felonies or Class A misdemeanors). The amended charge replaced the 1995 conviction with the following:

> On or about DECEMBER 15, 1997, EBERAIA D. FIELDS was convicted in the Superior Court of GRANT County, State of INDIANA, of the offense of OPERATING WHILE INTOXICATED WITH PRIOR, a substance offense, committed, on or about AUGUST 10, 1997.

(Appellant's App. at 21) (emphasis removed). Fields objected to the amendment and moved for a continuance. The trial court denied Fields' motion and permitted the State to amend the charge.

Fields argues the amendment was one of substance and, pursuant to *Fajardo v. State,* 859 N.E.2d 1201, 1208 (Ind.2007), was permissible only up to thirty days before the omnibus date. The State ar-

---

are tracking evenly. Officer Leshney testified he looks for six "clues." (Tr. at 37.) The presence of four clues indicates the subject has failed the test, and Fields exhibited all six clues. Next, Officer Leshney administered the finger count test, which required Fields to touch the tips of his fingers and count from one to four forward and backward. Fields had trouble touching the tips of his fingers and could not count backwards from four. Finally, Officer Leshney asked Fields to say the alphabet from G to U. Fields responded, "U, G, T." (*Id.* at 41.)

gues Fields waived this argument by not moving to dismiss the charge, which he knew to be defective. *See Higgins v. State*, 690 N.E.2d 311, 314 (Ind.Ct.App. 1997), *reh'g denied; Kirts v. State*, 689 N.E.2d 756, 757–58 (Ind.Ct.App.1997); *Miller v. State*, 634 N.E.2d 57, 60–61 (Ind. Ct.App.1994); *Marshall v. State*, 602 N.E.2d 144, 147 (Ind.Ct.App.1992), *trans. denied; Zavesky v. State*, 558 N.E.2d 1124, 1126 (Ind.Ct.App.1990). These decisions all involved untimely challenges to charges that were allegedly defective on their face. Fields' original habitual substance offender charge was not defective, and he never argued that it was. The defect was not in the charge, but in the State's underlying evidence. Therefore, we decline to find his argument waived.

■ We must next consider whether to apply the new or old version of Ind.Code § 35–34–1–5, which governs amendment of charges. Prior to *Fajardo*, case law permitted untimely amendments of substance if the substantial rights of the defendant were not prejudiced. *See Fajardo*, 859 N.E.2d at 1206 (listing cases). On January 16, 2007, our Supreme Court decided *Fajardo* and held Ind.Code § 35–34–1–5 required amendments of substance to be made not less than thirty days before the omnibus date, regardless of whether they prejudiced the defendant. *Fajardo*, 859 N.E.2d at 1208. In response, the General Assembly amended Ind.Code § 35–34–1–5 to again permit amendments of substance before the commencement of trial if the amendment does not prejudice the substantial rights of the defendant. The amendment went into effect on May 8, 2007.

Fields committed his offenses prior to *Fajardo*, but was tried after the amendment to Ind.Code § 35–34–1–5 took effect. Fields argues the old statute applies, citing *Roush v. State*, 875 N.E.2d 801, 806 n. 2

(Ind.Ct.App.2007), where a panel of this court said, "because the alleged offense here occurred before the legislature amended the statute, our review is based on the old statute." *See also State v. O'Grady*, 876 N.E.2d 763, 765 n. 1 (Ind.Ct. App.2007) (applying the statute in effect at the time of the offense). The State argues the amended statute should apply, citing *Fuller v. State*, 875 N.E.2d 326, 330 n. 2 (Ind.Ct.App.2007), *trans. denied*, and *Laney v. State*, 868 N.E.2d 561, 565 n. 1 (Ind.Ct.App.2007), *trans. denied*, which both stated the statute in effect at the time of trial should apply.

■ Our general rule is that the law in effect at the time the crime was committed is controlling. *Walsman v. State*, 855 N.E.2d 645, 650 (Ind.Ct.App.2006), *reh'g denied*. We do not deviate from this rule unless "there are strong and compelling reasons." *Id.* (quoting *State v. Pelley*, 828 N.E.2d 915, 919 (Ind.2005)). *Fuller* and *Laney* do not explain their choice of the trial date as the date that determines which statute should apply. We note that, although the language of *Fuller* and *Laney* is inconsistent with that of *Roush* and *O'Grady*, the result was the same in each case: we applied *Fajardo*. Moreover, each decision applied *Fajardo* even though it was decided after the offenses were committed. *See also Fowler v. State*, 878 N.E.2d 889, 892–94 (Ind.Ct.App.2008); *Baber v. State*, 870 N.E.2d 486, 491–93 (Ind. Ct.App.2007), *trans. denied* 878 N.E.2d 221 (Ind.2007); *Absher v. State*, 866 N.E.2d 350, 353–54 (Ind.Ct.App.2007) (each applying *Fajardo* where offense was committed prior to date *Fajardo* was handed down); *cf. Leatherwood v. State*, 880 N.E.2d 315, 320–21 (Ind.Ct.App.2008) (Fajardo is not available retroactively on collateral attack), *reh'g denied*. Because we have consistently applied *Fajardo* on direct appeal where the offenses were

committed prior to *Fajardo*, we conclude *Fajardo* is applicable to Fields' case.[10]

■ Under *Fajardo*, "the first step in evaluating the permissibility of amending an indictment or information is to determine whether the amendment is addressed to a matter of substance or one of form or immaterial defect." 859 N.E.2d at 1207.

> [A]n amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form. And an amendment is one of substance only if it is essential to making a valid charge of the crime.

*Id.* Whether an amendment is a matter of substance or form is a question of law, which we review *de novo*. *O'Grady*, 876 N.E.2d at 765.

The State argues the amendment is one of form because "[t]he only thing which change[d] was the date and level of the first substance offense." (Appellee's Br. at 12.) The State was required to prove Fields had two prior unrelated substance offense convictions, and the convictions must be Class A misdemeanors or felonies. Ind.Code § 35–50–2–10. The level of Fields' prior convictions is an essential element of the habitual substance offender charge. *Cf. Choate v. State*, 462 N.E.2d 1037, 1046 (Ind.1984) (permitting amendment of habitual offender charge where

State substituted one felony for another felony). Fields' defense that the 1995 conviction was not a predicate offense was not equally available after the amendment. Therefore, the amendment is one of substance, and under *Fajardo*, it may not be made less than thirty days prior to the omnibus date. The trial court erred by permitting the State to make the amendment late, and we reverse the imposition of the habitual substance offender enhancement.

### 3. *Appropriateness of Sentence*

■ Because we have reversed his habitual substance offender enhancement, Fields is left with an aggregate sentence of four years. He was sentenced to one year for operating while suspended, one year for resisting law enforcement, and 180 days for false informing.[11] These sentences were to be served concurrently, but consecutive to a three-year sentence for operating while intoxicated with a prior conviction of operating while intoxicated.[12]

■ We may revise a sentence if it is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We give deference to the trial court's decision, recognizing the special expertise of the trial court in making sentencing decisions. *Barber v. State*, 863 N.E.2d 1199, 1208 (Ind.Ct.App. 2007), *trans. denied*. The defendant bears

---

**10.** The State argues Fields waived an argument under *Fajardo* because he did not raise it before the trial court. We disagree. Fields argued, *inter alia*, the amendment was one of substance and prejudiced him. We view this not as an argument under the new statute, but as part of a series of alternative arguments. Fields addressed issues that are relevant to *Fajardo* analysis, and we conclude he did not waive his argument *Fajardo* applies.

**11.** Fields was convicted of operating while suspended and resisting law enforcement as

Class A misdemeanors. One year is the maximum sentence for Class A misdemeanors. Ind.Code § 35–50–3–2. He was convicted of false informing as a Class B misdemeanor. 180 days is the maximum sentence for a Class B misdemeanor. Ind.Code § 35–50–3–3.

**12.** Fields was convicted of operating while intoxicated with a prior conviction of operating while intoxicated as a Class D felony. Three years is the maximum sentence he could receive for a Class D felony. *See* Ind. Code § 35–50–2–7 (2004).

the burden of persuading us the sentence is inappropriate. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind.Ct.App.2007).

No one was harmed when Fields committed the current offenses, but he has continued to drive, despite the suspension of his license and his struggles with substance abuse. Since 1992, Fields has been convicted of thirty-four offenses. Twelve of those convictions were substance-related offenses, including three for operating while intoxicated. Fields also has three previous convictions of driving while suspended and five convictions of resisting arrest. He has violated probation eleven times. Although Fields has received some treatment for substance abuse, his sentencing hearing was postponed because he arrived in court with alcohol in his system. We cannot say his four year sentence is inappropriate.

Affirmed in part and reversed in part.

VAIDIK, J., and MATHIAS, J., concur.