**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 30 2013, 8:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS P. KELLER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN T. MARTIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1210-CR-446 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1205-FD-423

**May 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Brian Martin ("Martin") appeals his conviction, following a jury trial, for Class C misdemeanor operating while intoxicated[1] ("OWI") that was the underlying conviction for his Class D felony OWI conviction.[2]

We affirm.

## ISSUE

Whether sufficient evidence supports Martin's underlying conviction.

## FACTS

In the early morning hours of May 6, 2012, Norman Nestor ("Nestor"), a customer at a Speedway gas station, saw a vehicle pull into the parking lot and park. The driver, later determined to be Martin, was the only person in the car. Martin did not get out of the car and "was sitting there over the steering wheel" with the car running and the lights on. (Tr. 111). The cashier called 911, and St. Joseph County Police Officer Kyle Slater ("Officer Slater") was dispatched to the Speedway station.

As Officer Slater approached Martin's car, he noticed that the car was running with the radio on, saw the driver's window was rolled down, and "smell[ed] a strong odor of alcohol" coming from the car. (Tr. 119). Martin, who "appeared to be unconscious" and had his head "kind of tilted to the side[,]" was holding a half-opened package of gum. (Tr. 119). Officer Slater yelled at Martin in an attempt to wake him, but Martin did not respond. The officer then rubbed his knuckles over Martin's sternum, and Martin "woke

---

[1] Ind. Code § 9-30-5-2.

[2] I.C. § 9-30-5-3.

up, kind of dazed [and] confused" and was "very shaky" as he tried to find his registration. (Tr. 120). Martin had "red glossy eyes" and his balance was "very unsteady" as he got out of the car. (Tr. 122). Officer Slater administered a variety of field sobriety tests, including the horizontal gaze nystagmus test and the walk-and-turn test, which Martin failed. Officer Slater then offered Martin a portable breath test, but Martin refused. The officer read the Indiana Implied Consent warning to Martin and transported him to the police station, where he refused a certified chemical test.

The State ultimately charged Martin with Class C misdemeanor OWI and a Class D felony enhancement for having a previous OWI conviction.[3] On August 8, 2012, the trial court held a jury trial. The jury found Martin guilty of the underlying Class C misdemeanor OWI charge. Martin waived his right to a jury trial on the D felony enhancement, and the trial court found him guilty of the Class D felony OWI. The trial court only entered judgment of conviction on the Class D felony and imposed a two (2) year sentence with one (1) year executed at the Department of Correction and one (1) year suspended to probation.[4] Martin now appeals his underlying conviction.

---

[3] The State initially charged Martin with Class A misdemeanor OWI for the underlying charge with a Class D felony enhancement but later amended it to the Class C misdemeanor.

[4] We note the Abstract of Judgment indicates that Martin was found guilty of OWI as a Class A misdemeanor instead of a Class C misdemeanor. We instruct the trial court to correct the Abstract of Judgment.

3

DECISION

Martin argues that the evidence was insufficient to support his underlying conviction for Class C misdemeanor OWI.[5]

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the [jury's verdict]. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

Martin contends there was not sufficient evidence to prove that he was intoxicated or that he operated a vehicle. In addition, Martin contends that the State did not present sufficient evidence of intoxication because it did not present evidence of Martin's blood alcohol content. We disagree.

Indiana Code § 9-30-5-2(a) provides that a defendant commits Class C misdemeanor OWI when he "operates a vehicle while intoxicated[.]" To prove that a person was intoxicated, the State is not required to submit proof of his blood alcohol content. *See Miller v. State*, 641 N.E.2d 64, 69 (Ind. Ct. App. 1994) ("To establish the offense of driving while intoxicated, the State is required to establish that the defendant

---

[5] Martin does not challenge the sufficiency of the evidence to support his enhancement of his conviction to a Class D felony.

was impaired, regardless of his blood alcohol content."), *trans. denied.* A person is "intoxicated" if he is under the influence of alcohol "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." I.C. § 9–13–2–86(1).[6] Evidence of any of the following may establish that a person is impaired: (1) consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5) unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech. *Fields v. State*, 888 N.E.2d 304, 307 (Ind. Ct. App. 2008).

Here, the State presented evidence that Martin drove into the Speedway parking lot where he slumped over his steering wheel with his car running and did not respond when Officer Slater yelled at him. Martin emitted a strong odor of alcohol; had red, glossy eyes; was unsteady in his balance; had shaky manual dexterity; and failed field sobriety tests. Thus, there was probative evidence from which the jury could have found Martin was intoxicated. *See, e.g.*, *Matlock v. State*, 944 N.E.2d 936, 941 (Ind. Ct. App. 2011) (finding sufficient evidence of intoxication where defendant smelled of alcohol, had glassy, bloodshot eyes, unsteady balance, and failed field sobriety tests).

Martin also argues that the State did not present sufficient evidence that he operated the vehicle. Specifically, Martin contends that the evidence was insufficient because the police did not observe him driving and because there was no evidence that he drove his vehicle erratically or in an unsafe manner. Martin appears to argue that the

---

[6] We note that I.C. § 9–13–2–86(1) was amended in the most recent legislative session, *see* 2013 Ind. Legis. Serv. P.L. 196-2013 (S.E.A 536), (effective May 7, 2013), but the specific provision at issue in this case was not amended.

State needed to prove that he drove the vehicle *in an intoxicated manner*. The statute, however, merely provides that the State prove that he operated or drove the vehicle "while" intoxicated, not drove in an intoxicated manner. *See* I.C. § 9-30-5-2(a).

This case is unlike the cases to which Martin cites where a determination of the sufficiency of the evidence on the element of operating a vehicle was dependent on inferences from circumstantial evidence. Here, the record reveals that Nestor, a customer in the Speedway gas station, saw Martin drive into the parking lot and park his car. Martin was the only person in the car. As there was an eyewitness to Martin operating the vehicle, the evidence was sufficient to show that Martin operated the vehicle.

Martin's argument is nothing more than an invitation to reweigh the evidence, which we will not do. *See Drane*, 867 N.E.2d at 146. Because there was probative evidence from which the jury could have found Martin guilty beyond a reasonable doubt of Class C misdemeanor OWI, we affirm his conviction.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.