## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 26 2018, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew K. Porter
Feavel & Porter
Vincennes, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.W., *Appellant-Respondent,* v. State of Indiana, *Appellee-Petitioner.* | December 26, 2018 Court of Appeals Case No. 18A-JV-1507 Appeal from the Gibson Circuit Court The Honorable Jeffrey F. Meade, Judge Trial Court Cause No. 26C01-1712-JD-393 |

**Bradford, Judge.**

# Case Summary

While juvenile M.W. was on informal adjustment, police searched a vehicle he was driving and discovered a controlled substance, marijuana, and drug paraphernalia. The State filed a delinquency petition alleging that M.W. committed offenses that, if committed by an adult, would be Class A misdemeanor possession of a schedule IV controlled substance, two counts of Class B misdemeanor possession of marijuana, and Class C misdemeanor possession of paraphernalia. M.W. admitted to all allegations, and the juvenile court deferred final disposition to continue monitoring his behavior. During the deferral period, M.W. was alleged to have taken his grandmother's vehicle and broken into her home. The juvenile court ordered wardship of M.W. to the Indiana Department of Correction ("DOC") for an indeterminate period. M.W. contends, *inter alia*, that the juvenile court abused its discretion by placing him in the DOC. Because we disagree, we affirm.

# Facts and Procedural History

In May of 2017, M.W. was placed on informal adjustment with the Gibson County probation department for six months as a result of being caught smoking marijuana with friends. While on informal adjustment, M.W. was found in possession of a controlled substance, marijuana, and drug paraphernalia by police following a traffic stop. On December 6, 2017, the State filed a delinquency petition alleging that M.W. committed acts that, if committed by an adult, would be Class A misdemeanor possession of a

schedule IV controlled substance, two counts of Class B misdemeanor possession of marijuana (one for the May 2017 incident), Class C misdemeanor possession of paraphernalia, and Class C infraction improper license plate light. On February 15, 2018, M.W. admitted to all counts alleged in the delinquency petition. The juvenile court set a dispositional hearing for March 23, 2018, and ordered a pre-dispositional report.

[3] On March 20, 2018, M.W.'s probation officer Deborah Bryant filed her pre-dispositional report, recommending that M.W. be placed on probation until his eighteenth birthday and that placement in the DOC might be necessary in the future if he violates the terms of probation. Bryant noted that M.W.'s mother reported that he had been attending school more frequently, staying at home, and respecting her rules. At the request of M.W.'s counsel, the juvenile court ordered that disposition of the matter be deferred until May 29, 2018, to allow further monitoring of M.W.'s behavior at school and home.

[4] On April 9, 2018, the State requested that the dispositional hearing be reset for an earlier date due to M.W.'s alleged bad acts. On April 4, 2018, M.W.'s grandmother and her husband had signed a letter, which was admitted at M.W.'s dispositional hearing, summarizing M.W.'s alleged bad acts as follows:

> This letter is [to] inform [M.W.], the Police Dept. of Princeton, IN and the Probation office of the necessity to make sure [M.W.], or his friends, are not on, in or near the property of Mark Cultice and Mary Jill Wright, his grandmother.
>
> [address omitted]

The only exception, at the request of his grandmother, is to allow [M.W.] to come over when invited by his grandmother while she is in the house and cognizant of his actions.

[M.W.] has recently stolen his grandmother's car, invited friends into our house without our knowledge or presence, consumed our liquor, damaged property, broken into our house, consumed codeine, stolen money and has no regard or acknowledgment of these actions even in the presence of witnesses.

If [M.W.] is found in violation of our request, the police are to take action to remove him from the property and use their judgment in any further prosecution. We will pursue prosecution if the terms of this letter are not followed. The intent is not to harm him, but to protect our home, its contents and our peace of mind from his behaviors.

State's Ex. 1. At M.W.'s dispositional hearing, his grandmother testified that she signed the letter and that it was accurate. When asked whether it was M.W. who had committed the bad acts at her home while she was on vacation, she replied, "We don't know exactly if it was him, one of his friends, but we highly suspect." Tr. Vol. II p. 7. She further testified that when she confronted M.W. about it over text messages he did not respond. Upon consideration of M.W.'s grandmother's letter, Bryant testified that contrary to her previous recommendation in the pre-dispositional report, she recommended that he be placed in the DOC. The juvenile court ordered that M.W. be placed in the DOC because it was in his best interest to be removed

from his home given the allegations admitted and the inability to provide shelter, care, and/or supervision at the present time.

# Discussion and Decision

M.W. raises two issues on appeal. First, he contends that he was deprived due process because the State failed to give him reasonable notice when Bryant made a recommendation in her testimony that differed from her pre-dispositional report. Second, he contends that the juvenile court abused its discretion by placing him in the DOC.

## I. Pre-Dispositional Report

M.W. contends that when Bryant testified that M.W. should be placed in the DOC, she effectively amended the pre-dispositional report, which the State then failed to provide to M.W. within a reasonable time before the disposition hearing, as required. M.W., however, failed to raise this issue during the dispositional hearing. "In order to properly preserve an issue on appeal, a party must, at minimum, show that it gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal." *Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006). Therefore, we conclude that M.W. has waived the issue for appellate review.

## II. DOC Commitment

M.W. also contends that the juvenile court abused its discretion by ordering wardship of him to the DOC for an indeterminate period.

> The specific disposition of a delinquent is within the juvenile court's discretion, to be guided by the following considerations: the safety of the community, the best interests of the child, the least restrictive alternative, family autonomy and life, freedom of the child, and the freedom and participation of the parent, guardian, or custodian. We reverse only for an abuse of discretion, namely a decision that is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

*K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006) (internal citations and quotations omitted).

M.W. asserts that the juvenile court abused its discretion in failing to order a more rehabilitative placement for him before DOC placement. We conclude, however, that the juvenile court's decision was reasonable given the facts and circumstances before it. First, the juvenile court attempted to provide M.W. with less-severe alternatives through informal adjustment and a period of deferred disposition. Put another way, M.W. was given more than one opportunity to prove that he could follow the rules, both in school and society, but failed each time. Moreover, the acts he committed became more egregious over time. He started with possession offenses, which elevated from marijuana to controlled substances, until finally M.W. stole his grandmother's car, broke into her home causing property damage, stole her money, and consumed her alcohol and codeine. Finally, M.W.'s request for us to consider the pre-dispositional report findings, which indicate, *inter alia*, that he claimed to have stopped using drugs, was a low risk of reoffending, and attended school more

regularly, is merely a request for us to reweigh the evidence, which we will not do. *Fields v. State,* 888 N.E.2d 304, 307 (Ind. Ct. App. 2008). M.W. has failed to establish that the juvenile court abused its discretion by ordering that he be placed in the DOC.

[9] The judgment of the juvenile court is affirmed.

Bailey, J., and Brown, J., concur.