ATTORNEY FOR APPELLANT
Ryan W. Redmon
Seymour, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General

Joby Jerrells
Deputy Attorney General
Indianapolis, Indiana

_____

In the

Indiana Supreme Court

_____

No. 40S01-0602-CR-64

ROBERT TRIMBLE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Jennings Superior Court, No. 40D01-0302-CM-116
The Honorable James Funke, Jr., Judge

_____

On Petition for Rehearing

_____

**May 24, 2006**

**Boehm, Justice.**

Trimble was convicted after a bench trial of cruelty to an animal, a Class B misdemeanor, and harboring a non-immunized dog, a Class C infraction. The Court of Appeals reversed, finding that the State's evidence was gathered in violation of the federal and Indiana constitutions. Trimble v. State, 816 N.E.2d 83, 86 (Ind. Ct. App. 2004). Because of this disposition, the Court of Appeals did not address two other issues Trimble raised on appeal. We granted transfer and affirmed the trial court's finding that the evidence was not obtained in

violation of Trimble's constitutional rights and was therefore admissible. Trimble v. State, 842 N.E.2d 798, 804 (Ind. 2006). Trimble seeks rehearing. He correctly points out that neither the Court of Appeals nor this Court has addressed his other two issues.

Trimble first argues that the evidence was insufficient to prove that he abandoned or neglected Butchie, a Doberman Pinscher left in his care. He does not challenge the sufficiency of the evidence to sustain his conviction for harboring a non-immunized dog. As an appellate court, we neither reweigh the evidence nor judge the credibility of witnesses. Wilson v. State, 770 N.E.2d 799, 801 (Ind. 2002). If there is sufficient evidence of probative value to support the conclusion of the trier of fact then the verdict will not be disturbed. Id. We believe that the evidence of Butchie's starved appearance, injured leg, and frost bitten extremities was sufficient to allow the trial judge to discount Trimble's testimony and infer that Trimble was responsible for feeding and caring for Butchie, and that he failed to do so.

Trimble also argues that the trial court required him to prove his innocence in violation of his due process rights. In Sandstrom v. Montana, 442 U.S. 510, 524 (1979), the Supreme Court of the United States held that the Fourteenth Amendment to the United States Constitution requires the State to prove beyond a reasonable doubt every material element of a crime. Trimble contends that comments from the trial judge after the State's case-in-chief demonstrate that the trial court placed the burden on him to prove his innocence of abandoning or neglecting Butchie.

At the close of the State's case-in-chief, and in response to Trimble's motion for a directed verdict, the trial judge expressed his "wavering" on whether Trimble knowingly or intentionally tortured or mutilated Butchie and commented that Trimble would need to proffer evidence to rebut the State's claim of neglect. On appeal we presume that the trial court applied the correct burden of proof onto the State. See Moran v. State, 622 N.E.2d 157, 159 (Ind. 1993). In ruling on Trimble's motion for a directed verdict, the trial judge acknowledged that the State had offered sufficient evidence to prove Trimble's guilt but said that he would reserve his decision until after Trimble presented his defense. We do not take the trial court's statement as shifting the burden of proof from the State to Trimble. Rather, it simply expressed the

conclusion that the evidence offered by the State in its case-in-chief was sufficient to deny a directed verdict for the defendant and require the defense to put on its case.

Trimble's Petition for Rehearing is granted. The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ. concur.