**Samantha LANEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–0607–CR–369.

Court of Appeals of Indiana.

June 22, 2007.

Susan Rayl, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Samantha Laney appeals her conviction and sentence for Class B felony child molesting. We affirm.

### Issues

We state the issues before us as:

I. whether the trial court properly allowed the State to amend the charging information nine days before trial;

II. whether the trial court properly denied Laney's motion to dismiss the amended charging information;

III. whether there is sufficient evidence to support Laney's conviction; and

IV. whether the trial court properly ruled that Laney's sentence was partially non-suspendable.

### Facts

The evidence most favorable to the conviction reveals that nineteen-year-old Laney worked at a home daycare run by Patsy Carey called Nana's Place. Twelve-year-old K.F. regularly went to Nana's Place after school. One day in April 2005, Carey left the daycare with K.F.'s mother, Susan Arnold. Laney was left in charge of the children, with K.F. helping watch the younger children.

After Carey and Arnold left, Laney spoke with someone on the phone. After hanging up, Laney told K.F. that Harley Plummer, who was eighteen years old, and some of his friends were coming over. Laney also told K.F. that she told Plummer that K.F. was fifteen years old, and that they "were going to have a three-

some." Tr. p. 68. Laney then applied makeup to K.F.; although Laney had applied makeup to K.F. on previous occasions for school, she applied more on this occasion than before. Also, it was Laney's idea to apply the makeup.

Plummer and a male friend then arrived. Plummer and Laney then went into a bedroom while K.F. stayed in the kitchen with the friend. The younger children were watching TV in the living room. After a little while, Plummer called his friend from his cell phone and told the friend to tell K.F. that she was wanted in the bedroom.

K.F. went to the bedroom and saw Laney lying on covers and pillows on the floor, naked from the waist down. Plummer was standing up and also was naked from the waist down. K.F. sat down on the covers and began taking her pants off while Laney put on her pants. Laney then left the bedroom. After she left, Plummer had sexual intercourse with K.F.

After Plummer and K.F. had intercourse, Laney yelled that Arnold had returned. Plummer and his friend tried to exit quickly through the back of the house but could not climb the back fence. They then came back through the house and met Carey and Arnold. Arnold initially was not suspicious of Plummer being there because Laney often had friends visit her at Nana's Place, although she did notice that K.F.'s makeup was done differently than it had been done on other occasions. Later that evening, however, Arnold heard from Carey that something might have happened to K.F. that day. Arnold then spoke to Laney, who admitted that something had happened but that she didn't know why Arnold would be mad at her, because K.F. "wanted to do it." *Id.* at 115.

On August 3, 2005, the State charged Laney and Plummer jointly with one count of Class B felony child molesting. The charging information read:

> On or between April 1, 2005 and April 30, 2005, Harley Plummer and Samantha Laney, being at least eighteen (18) years of age, did perform or submit to sexual intercourse with [K.F.], a child who was then under the age of fourteen (14), that is twelve (12) years of age. . . .

App. p. 27. The omnibus date was October 19, 2005, with a jury trial originally set for October 24, 2005. After several continuances, trial finally was set for May 17, 2006.

On May 5, 2006, the State filed a motion to amend the charging information so that it read as follows:

> On or between April 1, 2005 and April 30, 2005 Samantha Laney, being at least eighteen (18) years of age did knowingly or intentionally aid, induce or cause Harley Plummer, being at least eighteen (18) years of age, to commit the crime of child molesting that is: Samantha Laney presented [K.F.], a child whom Samantha Laney knew to be under the age of fourteen (14) years of age, that is twelve (12) years of age, so that Harley Plummer could have sexual intercourse with [K.F.].

*Id.* at 60. Laney objected to the proposed amendment. However, on May 8, 2006, the trial court permitted the State to make the amendment. On May 12, 2006, Laney moved to dismiss the amended information, which motion the trial court denied.

On May 17, 2006, a jury found Laney guilty of Class B felony child molesting. After hearing the argument of counsel, the trial court concluded that Laney's sentence could not be entirely suspended, pursuant to Indiana Code Section 35–50–2–2's limitation on suspension of sentences for certain crimes, including Class B felony child molesting. It then proceeded to sentence Laney to a term of ten years with four years suspended. Laney now appeals.

## Analysis

### I. Amendment of Charging Information

■ Laney first contends the trial court improperly allowed the State to make an untimely, substantive amendment to the charging information shortly before trial and well beyond the omnibus date. Amendments to a charging information are governed by Indiana Code Section 35–34–1–5. *See Fajardo v. State*, 859 N.E.2d 1201, 1203 (Ind.2007). Our supreme court recently clarified that the version of this statute in effect at the time of Laney's trial categorically prohibited "any amendment as to matters of substance unless made thirty days before the omnibus date for felonies and fifteen days before the omnibus date for misdemeanors." *See id.* at 1207 (citing Ind.Code § 35–34–1–5(b) (2006)). As for immaterial defects or matters of form, the statute permitted amendment of an information at any time before, during, or after trial, so long as such amendment did not prejudice the substantial rights of the defendant. *See id.* at 1207 n. 11 (citing I.C. § 35–34–1–5(c)).[1]

Our supreme court has explained:

[A]n amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form. And an amendment is one of substance only if it is essential to making a valid charge of the crime.

*Id.* at 1207.[2] The court went on to hold in that case that adding a charge of Class A felony child molesting to an information that previously had alleged only one count of Class C felony child molesting clearly was an amendment of substance that had to be, but was not, made thirty days before the omnibus date. *See id.* at 1207–08.

Laney asserts that the amendment of the information to change the alleged basis of her liability from that of a principal to that of an accessory was a substantive amendment. She claims she was prepared to defend the charge against her by evidence that she did not personally molest K.F. in any way, but such defense was lost when she was alleged only to have aided Plummer in his molesting of K.F. Thus, Laney argues that the State's attempt to amend the information on May 5, 2006, which fell well past the omnibus date of October 19, 2005, was absolutely prohibited by *Fajardo's* interpretation of Indiana Code Section 35–34–1–5.

■ However, we conclude that the amended information was not necessary to make a valid charge of a crime and, therefore, was not substantive. *See id.* at 1207. This is because it is axiomatic in Indiana that one may be charged as a principal yet

---

1. After *Fajardo* was decided, the General Assembly amended Section 35–34–1–5 so that a charging information may be amended at any time prior to trial as to either form *or* substance, so long as such amendment does not prejudice the substantial rights of the defendant. *See* P.L. 178–2007 § 1 (emergency eff. May 8, 2007). Obviously, we address the version of the statute in effect at the time of Laney's trial and *Fajardo's* interpretation of it.

2. At one time, the amendment statute also categorically prohibited the State from amending an information to change " 'the theory or theories of the prosecution as originally stated....' " *Fajardo*, 859 N.E.2d at 1206 (quoting P.L. 1973–325 § 3). This language was deleted from the statute in 1981. *See* P.L. 1981–298. Cases after 1981 occasionally still referred to an absolute prohibition against amending an information to change the theory of the case. *See, e.g., Wright v. State*, 593 N.E.2d 1192, 1197 (Ind. 1992), *cert. denied.* Such language, to the extent it failed to acknowledge the change in the statute and was not essential to the outcome of those cases, clearly was dicta.

convicted on proof that he or she aided another in the commission of a crime. *Taylor v. State*, 840 N.E.2d 324, 338 (Ind. 2006). Even where a defendant is charged as a principal, the jury may be instructed on accessory liability where the evidence presented at trial supports such an instruction. *See Wright v. State*, 690 N.E.2d 1098, 1104 (Ind.1997).

Thus, in this case the State could have proceeded to trial under the original information, alleging that Laney committed Class B felony child molesting as a principal, yet obtained her conviction under an accomplice liability theory. The amended information here, explicitly stating that Laney was an accomplice, was not necessary to obtain Laney's conviction for Class B felony child molesting and, therefore, was not substantive. The amendment was not governed by the time limit for substantive amendments.

The amendment was one of form or immaterial defect only, and the State was entitled to make the amendment at any time, provided Laney's substantial rights were not violated. *See Fajardo*, 859 N.E.2d at 1207. On this point, we observe that our supreme court has held that due process does not require the State to give a defendant notice that it intends to try him or her as an accomplice rather than a principal. *See Taylor*, 840 N.E.2d at 338. Even if some notice was necessary, it is clear from the probable cause affidavit attached to the charging information that Laney's alleged involvement in this case was at most aiding and abetting Plummer's molestation of K.F., not molesting K.F. herself, which is consistent with the evidence eventually presented at trial. We cannot say Laney's substantial rights were prejudiced by the State's amendment of the charging information shortly before trial.

## II. Motion to Dismiss Amended Information

Laney contends that even if the information was properly amended, the trial court should have granted her motion to dismiss the amended information. She specifically contends the amended information failed to state the offense with sufficient certainty or failed to state an offense altogether, which are grounds for dismissal under Indiana Code Section 35–34–1–4(a)(4) and (5). The amended information stated:

> [I]n Marion County, Indiana ... On or between April 1, 2005 and April 30, 2005 Samantha Laney, being at least eighteen (18) years of age did knowingly or intentionally aid, induce or cause Harley Plummer, being at least eighteen (18) years of age, to commit the crime of child molesting that is: Samantha Laney presented [K.F.], a child whom Samantha Laney knew to be under the age of fourteen (14) years of age, that is twelve (12) years of age, so that Harley Plummer could have sexual intercourse with [K.F.].

App. p. 60. Laney contends it is unclear what the State meant when it alleged that she "presented" K.F. to Plummer, as that word has no established legal meaning.

The contents of a charging information must include, among other things, "the nature and elements of the offense charged in plain and concise language without unnecessary repetition...." I.C. § 35–34–1–2(a)(4). "The indictment or information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged...." I.C. § 35–34–1–2(d). A statement informing the defendant of the statutory offense with which he or she is charged, the time and the place of the commission of the offense, the identity of the victim of the crime (if any), and the weapon used (if

any) generally is sufficient. *See Moody v. State*, 448 N.E.2d 660, 662 (Ind.1983). The State is not required to include detailed factual allegations in a charging information. *Richardson v. State*, 717 N.E.2d 32, 51 (Ind.1999). Unnecessary descriptive material or allegations that are not essential to a charge and that may be entirely omitted without affecting the sufficiency of the charge are mere surplusage and may be disregarded. *See Mitchem v. State*, 685 N.E.2d 671, 676 (Ind.1997).

The amended information clearly alleges that Laney aided Plummer, an adult, in molesting K.F., a child, and gives the approximate location and date of that event. It did not have to include any additional information and it meets the requirements of Indiana Code Section 35–34–1–2. In fact, as noted earlier, the original information simply alleging Laney was a principal in K.F.'s molestation would have been sufficient; the amended information, if anything, merely provided *gratuitous* information that the State was not required to provide. The allegation that Laney "presented" K.F. to Plummer was mere unnecessary surplusage that does not negate the fact that the information stated with sufficient certainty the offense with which Laney was charged. The trial court did not err in denying Laney's motion to dismiss.[3]

### III. Sufficiency of the Evidence

■ Next, Laney argues there is insufficient evidence to support her conviction. In reviewing a claim of insufficient evidence, we must consider only the evidence most favorable to the verdict and any reasonable inferences that may be drawn from that evidence. *Freshwater v. State*, 853 N.E.2d 941, 942 (Ind.2006). We neither reweigh the evidence nor judge the credibility of witnesses. *Trimble v. State*, 848 N.E.2d 278, 279 (Ind.2006). If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense. I.C. § 35–41–2–4. Factors to consider in deciding there is sufficient evidence that a person participated in an offense as an accomplice include: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the commission of the crime; and (4) a defendant's course of conduct before, during, and after the occurrence of the crime. *Brown v. State*, 770 N.E.2d 275, 278 (Ind.2002).

K.F. testified that after Arnold and Carey left Nana's Place and left Laney in charge, Laney spoke to someone on the phone. Laney then told K.F. that "Harley and his friends are gonna come over" and that "we were going to have a threesome." Tr. pp. 67–68. K.F. understood this to mean "three people having sex at the same time." *Id.* at 68. Laney then applied a substantial amount of makeup to K.F., more than she had ever done before. Laney also gave K.F. some "cute clothes" to wear. *Id.* at 70. Clearly, the unstated but

---

**3.** Laney also argues as a separate issue that the late amendment of the information, plus the language it used, violated her due process rights under the United States Constitution and right to notice of the charges against her under Article 1, Section 13 of the Indiana Constitution. As for the federal claim, we have already noted our supreme court's holding that there is no due process obligation for the State to advise a defendant before trial whether it intends to pursue an accomplice liability theory. *See Taylor*, 840 N.E.2d at 338. As for the state claim, our holding that the amended information was sufficient under Indiana Code Section 35–34–1–2 also means that it provided sufficient notice of the charge against Laney as required by the Indiana Constitution. *See Head v. State*, 443 N.E.2d 44, 51 (Ind.1982).

reasonable inference from the providing of makeup and clothes is that Laney intended to make K.F. more sexually attractive to whomever was coming to visit and "have a threesome" with her.

After Plummer and his friend arrived, Laney and Plummer went to a bedroom for a while before K.F. was informed that she too was wanted in the bedroom. K.F. found both Laney and Plummer there, naked from the waist down. K.F. then began removing her pants while Laney was still in the room. Laney then left, and K.F. and Plummer had intercourse. When K.F.'s mother arrived shortly thereafter, Laney yelled out, "your mom is home," causing Plummer and his friend to attempt to flee. *Id.* at 80. In other words, Laney, K.F.'s supposed child-care provider, left K.F. alone and removing her pants in a bedroom with a half-naked man, and then yelled out a warning when K.F.'s mother had returned. We have no hesitation in concluding that there is sufficient evidence Laney knowingly or intentionally aided Plummer in his molestation of K.F.

### IV. Suspension of Sentence

■ Laney's final argument is the trial court erred in concluding that any portion of her sentence below the minimum six-year sentence for a Class B felony was non-suspendable. Indiana law provides that if a defendant has been convicted of Class B felony child molesting, among other possible felonies, a trial court "may suspend only that part of the sentence that is in excess of the minimum sentence, unless the court has approved placement of the offender in a forensic diversion program...." I.C. § 35–50–2–2(b)(4)(H). Laney contends that because she was convicted of Class B felony child molesting as an accomplice and not a principal, the non-

suspendability statute does not apply to her case and the trial court had the discretion to suspend any or all of her sentence, pursuant to Indiana Code Section 35–50–2–2(a).

■ "There is no distinction between the accessory and the perpetrator of the crime. Rather, both commit the offense, and a person who aids another person to commit a crime is as guilty of the principal offense as the actual perpetrator." *Farris v. State,* 753 N.E.2d 641, 648 (Ind.2001). The *Farris* court held that, for purposes of the limitation on consecutive sentencing for a single episode of criminal conduct found in Indiana Code Section 35–50–2–1, the defendant's convictions for murder and aggravated battery as an accomplice qualified as "crimes of violence" that were exempt from that limitation. *Id.* The court stated, "The statute does not treat those crimes differently if a conviction is based on a theory of accomplice liability." *Id.*

The same result should obtain under the non-suspendability statute.[4] When it drafted that statute, our legislature must have been familiar with the well-settled rule that an accessory is as responsible for a crime as a principal. We take the statute's silence regarding accomplice liability to mean that that rule applies with equal force regarding suspension of sentences and the statute's list of offenses that are partially non-suspendable. There is no separate crime of being an accessory or aiding and abetting the perpetrator of a crime. *Boyd v. State,* 766 N.E.2d 396, 399 (Ind.Ct.App.2002). Thus, it was unnecessary for the statute to expressly state that it also applies to felony convictions obtained under an accomplice theory. The legislature could have chosen to expressly

---

4. Laney asks that we "reexamine" *Farris,* but we cannot overrule our supreme court's decision in that case. Appellant's Br. p. 26. In

any event, although we are free to criticize a decision of our supreme court if we so choose, we see nothing to criticize in *Farris.*

exclude such convictions, but it did not. In sum, the trial court properly concluded that Laney's sentence for Class B felony child molesting was partially non-suspendable, regardless of the fact that she was convicted as an accessory rather than the actual perpetrator.

### Conclusion

The trial court did not err in permitting the State to amend the charging information and in refusing to dismiss the amended information. There was sufficient evidence to support Laney's conviction. Finally, the trial court properly concluded that her sentence was partially non-suspendable. We affirm.

Affirmed.

NAJAM, J., and RILEY, J., concur.