**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE M. COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DONALD DOWDELL,                      )
                                     )
    Appellant-Defendant,         )
                                     )
       vs.                   )     No. 49A02-1209-CR-765
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.          )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Jose Salinas, Judge
Cause No. 49G14-1101-FD-2206

**April 17, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Donald Dowdell appeals his convictions for Class D felony dealing in marijuana and Class D felony possession of marijuana. We affirm.

**Issues**

Dowdell raises two issues, which we restate as:

I.      whether the trial court properly admitted into evidence marijuana found on Dowdell's person; and

II.     whether the trial court properly admitted into evidence marijuana found in Dowdell's vehicle.

**Facts**

On January 10, 2011, Officer Jonathan Lawlis of the Indianapolis Metropolitan Police Department was patrolling in the 3500 block of North Hawthorne in Indianapolis, which is a high crime area, when he saw a vehicle driven by Dowdell run a stop sign. Officer Lawlis turned his police car around and saw Dowdell's vehicle "quickly pull over to the right hand side of the road without signaling." Tr. p. 46. Dowdell parked in the driveway of a residence, left his vehicle running, "promptly jumped out of the vehicle[,] and started walking towards the house." Id. Officer Lawlis activated his overhead lights, "chirped" his siren, and stopped behind Dowdell's vehicle. Id.

Dowdell, who was on or near the front porch of the residence, turned around and started walking back to Officer Lawlis. As Officer Lawlis approached Dowdell, he could smell a "very strong" odor of burnt marijuana "coming from [Dowdell's] person." Id. at 50. Officer Lawlis patted down Dowdell and found a baggie of marijuana in Dowdell's pocket. Officer Lawlis placed Dowdell under arrest, prepared to impound Dowdell's

2

vehicle, and started performing an inventory search. When Officer Lawlis approached Dowdell's vehicle, he smelled marijuana. During the inventory search, Officer Lawlis found a red shopping bag in the trunk that contained 141 grams of marijuana.

The State charged Dowdell with Class D felony dealing in marijuana and Class D felony possession of marijuana. Dowdell filed a motion to suppress evidence obtained as a result of the patdown search and the search of his vehicle under the United States Constitution and the Indiana Constitution, but the trial court denied the motion. At the bench trial, Dowdell objected to the admission of evidence found as a result of the patdown search and the search of his vehicle and renewed his motion to suppress. The trial court overruled the objections and again denied the motion to suppress. The trial court found Dowdell guilty as charged and sentenced him to concurrent, 365-day sentences to be executed on community corrections home detention. Dowdell now appeals.

**Analysis**

Both of Dowdell's arguments concern the admission of evidence found during searches. We review the trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. Roche v. State, 690 N.E.2d 1115, 1134 (Ind. 1997). We reverse only where the decision is clearly against the logic and effect of the facts and circumstances. Joyner v. State, 678 N.E.2d 386, 390 (Ind. 1997). We examine the evidence favorable to the trial court's ruling along with any uncontradicted evidence. Peters v. State, 888 N.E.2d 274, 277 (Ind. Ct. App. 2008), trans. denied. We neither reweigh evidence nor judge witness credibility. Id. In reviewing such a claim, we will

consider foundational evidence submitted at the trial as well as evidence from the motion to suppress hearing that is not in direct conflict with the trial testimony.  Id.

### *I.  Patdown Search*

### *A.  Fourth Amendment*

Dowdell does not challenge the initial traffic stop.  Rather, Dowdell challenges the validity of Officer Lawlis's patdown search.  Dowdell argues that Officer Lawlis did not have reasonable suspicion to believe that he was armed and dangerous.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures by the government.  Patterson v. State, 958 N.E.2d 478, 482 (Ind. Ct. App. 2011).  "Searches performed by government officials without warrants are per se unreasonable under the Fourth Amendment, subject to a 'few specifically established and well-delineated exceptions.'"  Holder v. State, 847 N.E.2d 930, 935 (Ind. 2006) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967)).  A search without a warrant requires the State to prove an exception to the warrant requirement applicable at the time of the search.  Id.

One exception was established in Terry v. Ohio, in which "the United States Supreme Court held that a police officer may briefly detain a person for investigatory purposes if, based on specific and articulable facts together with reasonable inferences drawn therefrom, an ordinarily prudent person would reasonably suspect that criminal activity was afoot."  Patterson, 958 N.E.2d at 482 (citing Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884 (1968)).  Reasonable suspicion is determined on a case-by-case basis by examining the totality of the circumstances.  Id.

4

"In addition to detainment, Terry permits a police officer to conduct a limited search of the individual's outer clothing for weapons if the officer reasonably believes that the individual is armed and dangerous." Id. at 482-83. "An officer's authority to perform such a pat-down search of a detained individual during a Terry stop is dependent upon the nature and extent of the officer's particularized concern for his or her safety." Id. at 483 (citing Rybolt v. State, 770 N.E.2d 935, 938 (Ind. Ct. App. 2002), trans. denied). The officer only needs reasonable suspicion that the individual is armed to justify a limited patdown search of the individual's outer clothing. Id. at 485. "[T]here must exist articulable facts to support an officer's reasonable belief that the particular individual is armed and dangerous." Id. at 486. "In determining whether an officer acted reasonably under the circumstances, we consider the specific, reasonable inferences that the officer is entitled to draw from the facts in light of his or her experience." Id.

The State argues that the patdown was proper pursuant to Patterson. There, we concluded that a patdown search was proper where the search was performed during a traffic stop late at night in a high crime area and there was an odor of burnt marijuana coming from the vehicle. We determined that, under those circumstances, the officer had "a reasonable belief that Patterson was armed" and the patdown search was "justified by a reasonable concern for officer safety." Id. at 487.

Similarly, here, Officer Lawlis saw Dowdell run a stop sign in a high crime area. When Dowdell stopped at a nearby residence, he left his car running and "promptly jumped out of the vehicle." Tr. p. 46. When Officer Lawlis approached Dowdell, a strong odor of marijuana was emanating from Dowdell. Given Dowdell's behavior in

5

leaving his car running and quickly getting out of his car, the high crime location, and the odor of marijuana, Officer Lawlis had a justifiable officer safety concern. As in Patterson, we conclude that Officer Lawlis had a reasonable belief that Dowdell was armed and dangerous.[1]

### B. Indiana Constitution

Dowdell also argues that the patdown search violated Article 1, Section 11 of the Indiana Constitution, which provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

"Although this language tracks the Fourth Amendment verbatim, we proceed somewhat differently when analyzing the language under the Indiana Constitution than when considering the same language under the Federal Constitution." Trimble v. State, 842 N.E.2d 798, 803, adhered to on reh'g, 848 N.E.2d 278 (Ind. 2006). "Instead of focusing on the defendant's reasonable expectation of privacy, we focus on the actions of the police officer, concluding that the search is legitimate where it is reasonable given the totality of the circumstances." Id. "We will consider the following factors in assessing reasonableness: '1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the

---

[1] Further, we held in Edmond v. State, 951 N.E.2d 585, 591 (Ind. Ct. App. 2011), that the smell of marijuana on a person provides probable cause to arrest and a lawful basis to search the person. However, the State does not argue that Officer Lawlis's search of Dowdell was proper under this basis.

6

citizen's ordinary activities, and 3) the extent of law enforcement needs.'" Id. (quoting Litchfield v. State, 824 N.E.2d 356, 361 (Ind. 2005)).

We begin by considering "the degree of concern, suspicion, or knowledge that a violation has occurred." Litchfield, 824 N.E.2d at 361. Officer Lawlis conducted the patdown search out of concern that Dowdell was armed. The traffic stop took place in a high crime area, Dowdell left his car running and promptly walked up to the residence, and Dowdell smelled of marijuana. We conclude that the degree or concern, suspicion, or knowledge that a violation has occurred is high.

Further, the degree of intrusion, a quick patdown search during a traffic stop, was small. Finally, the extent of law enforcement needs is strong given the high crime area, Dowdell's actions, and the smell of marijuana on Dowdell. Under the totality of the circumstances, we conclude that the patdown search of Dowdell was reasonable and did not violate his rights under Article 1, Section 11 of the Indiana Constitution.

## II. Search of Vehicle

### A. Fourth Amendment

Dowdell next argues that the search of his vehicle violated the Fourth Amendment to the United States Constitution. A valid inventory search is a well-recognized exception to the warrant requirement. Taylor v. State, 842 N.E.2d 327, 330 (Ind. 2006) (citing South Dakota v. Opperman, 428 U.S. 364, 372, 96 S. Ct. 3092, 3098 (1976)). The underlying rationale for the inventory exception is three-fold: (1) protection of private property in police custody; (2) protection of police against claims of lost or stolen property; and (3) protection of police from possible danger. Id. at 330-31.

7

In determining the propriety of an inventory search, the threshold question is whether the impoundment itself was proper. Id. at 331 (citing Woodford v. State, 752 N.E.2d 1278, 1281 (Ind. 2001), cert. denied). An impoundment is warranted when it is part of routine administrative caretaking functions of the police or when it is authorized by statute. Id. To prove a valid inventory search under the community caretaking function, the State must demonstrate the following: (1) the belief that the vehicle posed some threat or harm to the community or was itself imperiled was consistent with objective standards of sound policing; and (2) the decision to combat that threat by impoundment was in keeping with established departmental routine or regulation. Id.

Dowdell does not dispute that the impoundment was in keeping with established departmental routine. Rather, Dowdell argues that the inventory search was improper because there was no evidence the vehicle posed a threat or was imperiled. Dowdell points to Officer Lawlis's testimony that someone from the residence asked if the car could stay in the driveway. However, Officer Lawlis also testified that he had already smelled marijuana in the car when the person from the residence approached him. Officer Lawlis pointed out during his testimony that he could not turn a vehicle that smelled of marijuana over to someone else. Officer Lawlis also testified that Dowdell's vehicle was parked in the residence's driveway, and it was blocking other vehicles from exiting the driveway. Dowdell was being arrested, and Officer Lawlis could not guarantee the safety of Dowdell's vehicle in the high crime area.

We need not address Dowdell's inventory search argument because, even if we were to conclude that the search was improper under the inventory search exception, we

8

note that "when a trained and experienced police officer detects the strong and distinctive odor of burnt marijuana coming from a vehicle, the officer has probable cause to search the vehicle." State v. Hawkins, 766 N.E.2d 749, 752 (Ind. Ct. App. 2002), trans. denied. When Officer Lawlis smelled marijuana coming from Dowdell's vehicle, he had probable cause to search the vehicle, and the shopping bag of marijuana found in the trunk was properly admitted.

### B. Indiana Constitution

Dowdell also argues that the search of his vehicle was improper under Article 1, Section 11. Under the Litchfield analysis, we consider the following factors in assessing reasonableness: "'1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs.'" Trimble, 842 N.E.2d at 803 (quoting Litchfield, 824 N.E.2d at 361).

The degree of concern, suspicion, or knowledge that a violation has occurred was high here due to the smell of marijuana emanating from the vehicle and Dowdell's arrest for the marijuana in his pocket.[2] We noted in Hawkins, 766 N.E.2d at 752, that, under Article 1, Section 11 of the Indiana Constitution, a police officer has probable cause to search a vehicle when he or she smells marijuana coming from the vehicle. The degree of intrusion by the search of Dowdell's vehicle and trunk was high. The third prong of the test considers the needs of law enforcement, and it is often recognized that police

---

[2] In a typical inventory search, this factor would be inapplicable because the inventory search would be performed pursuant to common police practice rather than based on suspicion or knowledge of a crime.

officers need to perform inventory searches of vehicles they plan to impound in order to protect themselves from liability for claims of lost or stolen goods that may arise out of impoundment of a vehicle. See Rabadi v. State, 541 N.E.2d 271, 275 (Ind. 1989). Despite the high intrusion, given the high degree of suspicion that a violation had occurred and the high degree of law enforcement needs, we conclude that Officer Lawlis's search of Dowdell's vehicle was reasonable and did not violate Article 1, Section 11 of the Indiana Constitution.

### Conclusion

The patdown search and search of Dowdell's vehicle did not violate the Fourth Amendment to the United States Constitution or Article 1, Section 11 of the Indiana Constitution. Consequently, the trial court did not abuse its discretion when it admitted the marijuana found in Dowdell's pocket or the marijuana found in his trunk. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.