**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 20 2014, 8:53 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FABRIANNE CLOUD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1309-CR-745 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John Chavis, Judge
Cause No. 49F15-1211-FD-78136

**February 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

When Appellant-Defendant Fabrianne Cloud was pulled over because of concern that she had been involved in a traffic accident, it was discovered that her driver's license had been suspended by virtue of her status as a habitual traffic violator ("HTV"). Cloud appeals from her conviction for Class D felony operation a vehicle while suspended as an HTV, contending that the State produced insufficient evidence that she was aware of her suspension. We affirm the judgment of the trial court.

**FACTS AND PROCEDURAL HISTORY**

On January 5, 2010, Cloud reported her address to the Bureau of Motor Vehicles ("BMV") as 610 Hanley Street in Plainfield. On April 9, 2010, Cloud began serving a sentence in Liberty Hall Jail. On September 17, 2010, the BMV sent a notice to Cloud's Plainfield address informing her that her license would be suspended for ten years beginning on October 22, 2010, due to her three prior convictions for operating while intoxicated. On October 15, 2010, Cloud was released from Liberty Hall.

On November 15, 2012, Cloud was stopped in Marion County for suspicion of being involved in an accident and leaving the scene. The officer who stopped Cloud found that the BMV had suspended her license. Also on November 15, 2012, the State charged Cloud with Class D felony operating a vehicle while suspended as an HTV. On July 16, 2013, the trial court found Cloud guilty as charged. On August 6, 2013, the trial court sentenced Cloud to 1095 days of incarceration, with 545 days to be served on in-home incarceration and the balance suspended to probation.

2

**DISCUSSION AND DECISION**

**Whether the State Produced Sufficient Evidence to Sustain Cloud's Conviction**

When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the factfinder's role to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* We consider conflicting evidence in the light most favorable to the trial court's ruling. *Id.* We affirm the conviction unless no reasonable fact-finder could find that the elements of the crime were proven beyond a reasonable doubt. *Id.*

Indiana Code section 9-30-10-16 provides, in relevant part, as follows:

(a) A person who operates a motor vehicle:
    (1) while the person's driving privileges are validly suspended under this chapter or IC 9-12-2 (repealed July 1, 1991) and the person knows that the person's driving privileges are suspended
….
commits a Class D felony.
(b) Service by the bureau of notice of the suspension or restriction of a person's driving privileges under subsection (a)(1) or (a)(2):
    (1) in compliance with section 5 of this chapter; and
    (2) by first class mail to the person at the last address shown for the person in the bureau's records;
establishes a rebuttable presumption that the person knows that the person's driving privileges are suspended or restricted.

Cloud contends only that the State failed to establish that she knew that her driving privileges were suspended on November 15, 2012. The State, by sending notice via first-class mail to Cloud's last known address, established the rebuttable presumption that she knew of her suspension. The burden then shifted to Cloud to overcome this presumption of

3

knowledge, and she points to evidence of her incarceration at the time the notice was mailed to support her argument that she did so. Cloud, however, also testified that others would deliver her mail to her when she was incarcerated. Consequently, Cloud's argument amounts to nothing more than an invitation to reweigh the evidence, which we will not do. Although Cloud testified that she was unaware that her license was suspended when she was stopped on November 15, 2012, the trial court was under no obligation to credit this testimony, and it did not. The State produced sufficient evidence to sustain Cloud's conviction for operating while suspended as an HTV. *See State v. Jackson*, 889 N.E.2d 819, 822 (Ind. 2008) ("[I]n the absence of direct proof of a driver's lack of knowledge, the statute directs that the State may presumptively satisfy the knowledge element by establishing proper notice to a driver's last address in the Bureau's records, subject to rebuttal by the accused driver.").

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.